UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATHAN P. GOLDSTEIN, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' BENEFIT FUNDS,<br>                     Plaintiff,<br><br>v.<br><br>ONSITE SERVICE CORPORATION,<br>                     Defendant. | C.A. No. |

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1.     Plaintiff brings this action pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, to enforce Defendant's obligations to pay contributions due to Plaintiff benefit funds under the terms of a collective bargaining agreement and the benefit plans.

**JURISDICTION**

2.     The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). It provides participants with a defined pension benefit. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). The Fund is a defined contribution fund and provides participants with retirement benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund trains apprentices and journey workers in the construction industry. The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund provides participants with legal services and related benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant ONSite Service Corporation ("ONSite") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Nathan P. Goldstein is the Executive Director of the Massachusetts Laborers' Benefit Funds, located at 1400 District Avenue, Burlington, Massachusetts, within this judicial district. Among other things, Mr. Goldstein serves as the collection agent for the Funds, and for collecting the dues set forth below. In this capacity, Mr. Goldstein has authority and control over collecting fund contributions and is a fiduciary within the meaning of § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10. Defendant ONSite is a Rhode Island corporation with a principal office at 411 Atwells Ave., Suite 2, Providence, RI, and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185. ONSite's Registered Agent is Fabricio Fernandes, 125 W. Spruce St., #1, Milford, MA 01757.

## GENERAL ALLEGATIONS OF FACT

11. On or about September 12, 2013, ONSite signed a Memorandum of Agreement agreeing to be bound to the terms of several collective bargaining agreements of the Massachusetts and Rhode Island District Councils of the Laborers' International Union of North America. As relevant here, ONSite agreed to be bound to the terms of four collective bargaining

agreements entered into by the Massachusetts & Northern New England Laborers' District Council ("the Union") on behalf of its local unions, and various contractors and construction associations throughout the District Council's territorial jurisdiction, effective September 1, 2013. A true and accurate copy of ONSite's signed Memorandum of Agreement is attached hereto as Exhibit A.

12. Pursuant to its having signed the Memorandum of Agreement, ONSite became bound to the terms of the Building and Site Agreement between the Union and the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc.; the Building and Site Agreement between the Union and the Construction Industry of Western Massachusetts, Inc.; the Agreement between the Union and the General Contractors' Association of Pittsfield, Massachusetts; and the Building and Site Construction Agreement between the Union and Signatory Contractors on behalf of Local Union 327, Augusta, Maine, Local Union 668, Manchester, New Hampshire and Local Union 976, Portsmouth, New Hampshire (hereinafter the "CBAs"). All of the CBAs' terms that are relevant to this case are materially the same as those contained in the Building and Site Agreement. A copy of the relevant pages of the 2020-2024 Building and Site Agreement is attached hereto as Exhibit B.

13. The CBAs require employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed. Id. at 26-37.

14. The CBAs also require employers to remit contributions to the New England Laborers' Labor-Management Cooperation Trust, the New England Laborers' Health and Safety Fund, the Massachusetts Laborers' Unified Trust, and the Construction Industries of Mass.

Advancement Fund (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates. Further, they specify that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id.

15. The Massachusetts Laborers' Benefit Funds collect the contributions owed to the ERISA and non-ERISA Funds and the dues owed to the Union.

16. Employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of collection. Id.

17. Signatory contractors such as ONSite are obligated to submit remittance reports each month listing the hours worked by their employees and calculating the contributions due to the Funds for all work performed by their employees in a given month. Id. They are also required to submit to periodic audits of their payroll related records. Id.

18. If a signatory contractor fails to submit remittance reports for more than two months or to comply with the Funds' request for an audit, the Funds may estimate the number of hours for which contributions are owed based on the most recent twelve months audited or the last twelve months of the employer's contributions, whichever is higher. Id.

19. In or about March 2024, the Funds' auditors performed a payroll audit of ONSite for the period August 2021 through December 2023. The audit revealed that ONSite underpaid contributions and currently owes $10,997.08 in contributions for various work months between September 2021 and April 2022.

20. Through their counsel, the Funds sent a demand letter to ONSite on April 23, 2024 demanding payment of the audit balance.

21.     ONSite did not respond to the demand letter and has not remitted the audit balance.

## COUNT I - VIOLATION OF ERISA

22.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 21 above.

23.     ONSite's failure to pay all contributions owed to the Funds on behalf of all covered employees and to pay the $10,997.08 audit balance violates § 515 of ERISA, 29 U.S.C. § 1145.

24.     Absent an order from this Court, ONSite will continue to ignore its obligations to remit the contributions it owes to the Funds.

25.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

## COUNT II - VIOLATION OF LMRA

26.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 above.

27.     The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

28.     ONSite violated the CBA by underpaying contributions during the period September 2021 through April 2022.

**WHEREFORE**, Plaintiff requests this Court grant the following relief:

a.      Enter judgment in favor of the Funds on Counts I and II and against ONSite in the amount of $10,997.08 in underpaid contributions, plus any additional amounts determined by the

Court to be owed to the Funds or which may become due during the pendency of this action, together with interest of 10 percent per annum on the delinquent contributions, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. § 1132(g)(2);

      b.     Enter a preliminary and permanent injunction enjoining ONSite from refusing or failing to pay the contributions owed to the Funds;

      c.     Order the attachment of the machinery, inventory, bank accounts and accounts receivable of ONSite; and

      d.     Such further and other relief as this Court may deem appropriate.

               Respectfully submitted,

               NATHAN P. GOLDSTEIN, as he is
               EXECUTIVE DIRECTOR, MASSACHUSETTS
               LABORERS' BENEFIT FUNDS,

               By his Attorneys,

               /s/ Sasha N. Gillin
               Sasha N. Gillin, BBO No. 690769
               Sophie C. Esquier, BBO No. 698875
               SEGAL ROITMAN, LLP
               33 Harrison Avenue, 7th Floor
               Boston, MA 02111
               (617) 742-0208, Ext. 258
               sgillin@segalroitman.com
               sesquier@segalroitman.com

Dated: May  15 , 2024

## **VERIFICATION**

      I, Nathan P. Goldstein, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

      SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __15__ DAY OF MAY, 2024.

                                                                              Nathan P. Goldstein

SNG/sce,sng&ts
6306-23377/complt.doc